## THE UNITED STATES DISTRICT COURT AT JACKSON MISSISSIPPI

State of Mississippi, Town of Raleigh   *   CASE NO. 3:15cv382 HTW-LRA

Plantiff

*   Ticket # 04921

v.   *   Ticket # 04922

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 22 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

Respondant:

jason caissie

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S NOTICE OF REMOVAL

Respondant files this notice of removal under 28 U.S.C. Sec. 1331, Sec. 1367, Sec. 1441(a), Sec.1446 (a).

### A. Parties

1. Plaintiff is Town of Raleigh a municipal corporation and governmental subdivision of the State of MIssissippi, police officer Rickey Hand a citizen of Mississippi, police officer J.Bolivar a citizen of Mississippi, Smith County deputy J.Reynold a citizen of Mississippi, Town of Raleigh attorney Matt Sullivan a citizen of Mississippi, Albert Santa Cruz, a citizen of Mississippi and current Commissioner of Department of Public Safety; respondant is jason caissie, one of the people of Tennessee and one of the Peopleof the United States.

2. On April 29, 2015, plaintiff sued respondant for "No Drivers Licenses (Expired)" (UNIFORM TRAFFIC TICKET #042921) and "No Proof of Liability Ins." (UNIFORM TRAFFIC TICKET #042922).

3. The suit was filed on April 29, 2015. Respondant filed this notice of removal within the 30-day time period required by 28 U.S.C. Sec. 1446(b).

### B. Basis for Removal

4. Removal is proper because plaintiff's suit involves a federal question, 28 USC Sec. 1331, Sec. 1441(a), arising under the laws of the United States involving the interstate commerce clause. The plaintiff's cause of action arises under federal law, Drivers License Compact,P.L. 85-684 August 20, 1958, 72 Stat. 635, and relief necessarily depends on federal law. Franchise Tax Board v. Construction Laborers 463 U.S. 1, at 27-28.

5. There is complete diversity between the parties, 28 USC 1332 (a)(1). jason caissie, a man, one of the people of Tennessee is respondant and the plaintiffs are citizens of Mississippi. Plaintiff's allege they have a damage of up to $ 500 and need up to six months of respondant's time. Respondant has worked at a wage of $ 11,000 a month

and the most recent job offer of $ 160,000 per year. The loss to respondant of his time is equal to $ 80,000 at a minimum in addition to the loss of jail bond, pickup impoundment and endangering his family by his absence and unavailable to help, care, and provide for them.

6. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 USC Sec. 1446(a).

7. Venue is proper in this district under 28 USC Sec. 1441(a) because this district and division embrace the place where the removed action has been pending.

### C. Jury Demand

8. Plaintiff did not demand a jury in the state court action.

   jason caissie motions the Court for a bench trial if this matter should advance to that stage.

### D. Statement of the Case

9. This case stems from an arrest at a road block license checkpoint in Raleigh conducted by members of the Town of Raleigh police and Smith County deputies. jason caissie was arrested and jailed by police office Rickey Hand.

10. On a Wednesday, April 29, 2015 Officer Rickey Hand did officially lodge two tickets with the court clerk Helen Bounds, in the Municipal Court Town of Raleigh, Smith County, Mississippi. Ticket numbers 042921 and 042922. Copies attached as Exhibit A hereto.

11. jason caisssie was given copies of these tickets the previous Monday, April 27, 2015 when a $ 1000.00 appearance bond with Hurricane Bonding Co. was also signed to obtain release from the Smith County Jail.

12. The tickets purport to assert two causes of action, ticket 042921 checked "No Drivers License, the other ticket 042922 checked "No Proof of Liability Ins."

13. The tickets are styled "STATE OF MISSISSIPPI Town of Raleigh"

14. The penalities for conviction provide for fine up to $ 500.00 and jail time up to six months.

15. On April 25, 2015 late on Saturday afternoon, responant was on Highway 18 going north through Raleigh, Mississippi, headed to Monroe Louisana to pick up his daughters and then go home the next day. Respondant was traveling with a friend Levi Thurston. As respondant came over one of the hills in the town of Raleigh a check point was set up at the bottom of the hill. Respondant came to a stop and was told it was a license checkpoint. A driver's license was demanded and respondant was subsequentially arrested for failure to produce a driver's license. To the policeman making the arrest and in the hearing of the other people wearing law enforcement uniforms, respondant stated that "Levi Thurston is my next friend counsel."

16. Respondant stated to Rickey Hand that Respondant was in Mississippi to attend that same day to attend a funeral service of a deceased friend and respondant was returning home to Tennessee. Respondant was handcuffed and placed in the back of the Raleigh police car and then ordered to show proof of insurance. Respondant remained in the police car till he was let out at the Smith County Jail. He was booked in the jail at that time. While in jail respondant was told he was not being released because the computer could not confirm responndant's idenity.

17. Levi Thurston was ordered out of the pickup and ordered not to remove any items from the pickup. Levi was left on the side of the road at the scene. When Levi asked who did the arrest he was told at the scene it was the county. He then spent the remaining hours walking, twice going to the home of Circuit Judge Eddie Bowen to ask for the county attorney contact information. Levi was given incorrect information on the address of the judge. Levi then walked to the jail and asked for information on the county judges and county attorney. "We don't know that information" was the response. He spent Saturday night sleeping in the roadside ditch. Sunday Levi went to the local church for information and was given help on where the county attorney lived. He spent that afternoon making four visits out to the county attorneys house and four phone messages asking to see the attorney. No contact was made and no phone calls were returned. Levi was able to call respondant's wife late Sunday and she then told him it was the city police that had made the arrest.

18. During respondant's time in jail he twice wrote to the jail supervisor/desk attendant/dispatcher that Levi Thurston was next friend counsel and respondant required access to confer with counsel. Defendant was also informed Levi Thurston had come in to the jail twice to meet with respondant. Levi Thurston spoke with the desk personnel and stated he was respondant's counsel and was denied a meeting. Deputies told Levi they had never heard of someone having counsel and he could not see jason because jail policy only allowed immediate family to visit with those in the jail. Respondant had also demanded at the arrest to be taken immediately before a judge. While in jail respondant made two written demands to see a judge, also includedon the same was demands for access to next friend counsel. Respondant was not able to see a judge to arrange release OR. Next friend was not allowed in to learn of who would be the judge so next friend counsel could notify the judge of respondant's situation.

19. Respondant made bail on Monday April 27, 2015, went to the impound paid the $ 75.00 fee and the pickup was released to respondant. After returning home respondant has called four times the phone number given for Matthew Sullivan, city attorney for Town of Raleigh. The requests for a return call were unanswered till the day before this filing. In that conversation when asked if he was going to be the prosecutor Matthew Sullivan stated "he would see what he can do". Respondant has called Municipal Court Clerk Helen Bounds twice to see if the tickets had been "officially lodged" with the court. Respondant also requested a date the tickets would be assigned a case number. She responded it would be weeks. The clerk was asked if the June 8 date on the tickets was for arraignment. She responded it was probably for trial but she did not know. She was asked if arraignment

was held on the tickets and she said it would probably be the same day as on the tickets. When asked if trial would be set then she stated "Trial would probably be the same day." She was asked "Was trial and arraignment on the same day?" and the reply was "Yes it would probably all be the same day, if they had arraignment". Respondent asked "Does the court have arraignment the same day as trial with no opportunity to prepare for trial? Is there a local rule book that allows trial before you know what you are charged with? Could you send us a copy of the local rules.There's no law mentioned on the ticket. Do they allow you to prepare for trial?", she replied, "I'll have to call you back." and then hung up. She was called five times in eleven days. The next day after release, Tuesday April 28, Respondent called the court clerk seeking a case number and also with the previous discussion. We called again Thursday for a case number. The following Monday a call was placed, then Wednesday May 6, 2015 the respondent called to check on the status of the case number, if any other documents were filed with the tickets and the exact day Rickey Hand turned in the tickets to the clerk. At this time the clerk told respondent "you need to quit calling". The court clerk has at all times been polite and she has been treated with politeness and respect. Respondent is left with trial by ambush, so the matters at this point are only based on due diligence.

20. The Mississippi Supreme Court website phone number was called and Chief Deput Clerk Rusty Holmes was questioned on the location of municipal court rules for Mississippi. He did not know of any and when asked did he remember having ever seen any mention of municipal court rules in any filings that had come across his counter he said he did not know of any. Mississippi Rules of Evidence 1101 (b)(3) states these rules do not apply to criminal summons. Respondent is left with what goes by a title of municipal court but has no rules of evidence allowed and no rules of procedure for the court. With no return calls from the city prosecutor, court clerk stating we need to quit calling, the Supreme Court clerk not knowing of any rules for municipal court and no opportunity to make any filings prior to trial the respondent is left facing legal anarchy and danger to his family.

21. The grounds for removal are several and intertwined. The STATE OF MISSISSIPPI, Town of Raleigh have no standing to charge respondent apart from federal law. Proof of domicile in Mississippi must be shown before the state will issue a driver's license, MS CODE 63-1-19. Respondent obviously fails on the domicile requirement. Mississippi has a law it knows only the few in Mississippi will be able to meet, yet would criminalize those who are not from Mississippi for not having a driver's license from Mississippi. The law does not require the impossible. The only way around this is the federal law known as the Driver's License Compact, Public Law 85-684,H.J. Res. 221, August 20, 1958, this allows two or more of the several States to enter agreements or compacts. Adopted July, 1962, Mississippi Laws, 1962, ch. 514, Sec.1 et seq. At Mississippi Laws, 1962, ch. 514, Sec. 2, Art. I (b)(2)"Make the reciprocal recognition of licenses to drive and eligibility......of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states" is adoption of federal law with which THE STATE OF MISSISSIPPI characters allege to move against respondent.

22. Respondent is noticed to appear then in a municipal court that has no means of effecting due process at any stage of the proceedings. Mississippi Rules for Civil Procedure 83(c) "All local and uniform rules hereinafter approved by the Supreme Court shall be submitted for publication in the Southern Reporter." The Mississippi Supreme Court and the municipal court of Raleigh have not made known if there are any rules for the municipal court. Respondent cannot access any due process protections prior to and at trial. Respondent is unable to enforce any Constitutional protections absent procedures to protect rights of litigants and secure fairness to the end that the truth may be ascertained and proceedings justly determined. Removal is warranted for imposing federal standards to the litigation as there are no available state guidelines to the litigation after diligent inquiry by jason caissie. State courts are attempting to set to hear a case where there is complete diversity and federal law is the sole basis for the state actions.

ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

23. Pursuant to 28 USC Sec. 1446(a) and Local Rule 5(b), and a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon jason caissie are being filed with this Notice of Removal. jason caissie will file true and legible copies of all documents on file in the State Court Action, as well as a certification pursuant to Local Rule 5(b), within 30 days of the filing of this Notice of Removal.

24. This Notice of Removal has been filed within 30 days of the date that jason caissie was served with the tickets in this matter. Removal is therefore timely in accordance with 28 USC Sec. 1446(b).

25. Venue is proper in this Court pursuant to 28 USC Sec.(s)1441(a) and 1446(a) because the United States District Court for the District of Mississippi is the federal judicial district and division embracing the municipal court Town of Raleigh, Smith County, Mississippi where the State Court Action was originally filed.

CONCLUSION

By this Notice of Removal, jason caissie does not waive any objections i have as to service, jurisdiction or venue, or any other defense or objections i may have to this action.

jason caissie intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or other pleas.

Respectfully submitted,

_/s/ jason caissie_

jason caissie
2362 Charlie Pounds Road
Stantonville Tennessee [38379]

Respectfully submitted,

_____
jason caissie, a man
2362 Charlie Pounds Road
Stantonville, Tennessee [38379]
832-494-7843

## CERTIFICATE OF SERVICE

I hereby verify 28 USC Sec. 1746(1)that on this _____day of May, 2015, a true and complete copy of the foregoing notice of removal to federal court, with required attachment, by depositing in United States postal mail, first class, return receipt requested, has been duly served upon the following:

Alberta Santa Cruz
Commissioner Dept. of Public Safety Mississippi
1900 East Woodrow Wilson
Jackson Mississippi 39206
Certified Mail #_____

Matthew Sullivan
Attorney for Town of Raleigh
150 Main Street City Hall
Town of Raleigh, MS 39153
Certified Mail #_____

Police Officer Rickey Hand
112 Main Street Police Department
Town of Raleigh, MS 39153
Certified Mail#_____

Police Officer J. Bolivar
112 Main Street Police Department
Town of Raleigh, MS 39153
Certified Mail#_____

Deputy J. Reynolds
Sheriff's Department Smith County
200 Courthouse Square
Town of Raleigh, MS 39153
Certified Mail#_____

Helen Bounds Clerk of Court
Municipal Court
150 Main Street
Town of Raleigh, MS 39153
Certified Mail#_____