## AT THE UNITED STATES DISTRICT COURT AT JACKSON MISSISSIPPI

jason caissie
man aggrieved,
counter plaintiff
v.



Wrongdoers, counter defendants:
Town of Raleigh, a municipal corporation;
Police Officer Rickey Hand, individually and in his
official capacity; Police Officer J. Bolivar, individually
and in his official capacity; Sheriff Deputy J. Reynold,
individually and in his official capacity; Alberta Santa
Cruz, in his official capacity; Matt Sullivan, in his
individual and official capacity.

\*

\*
\*
CASE NO. 3:15cv382 HTW-LRA
\*  Ticket #042922 and 042921
\*
\*
\*
\*
\*
\*
\*
\*
\*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Jurisdiction and Parties

**Counter Plaintiff:** jason caissie who is a Statutory Non-Resident and one of the People of the United States. jason caissie can be contacted regarding these matters at:

jason caissie, at 2362 Charlie Pounds Rd, Stantonville, Tennessee [38379]

**Counter Defendant:** Rickey Hand who is a citizen of the United States 8 USC Sec. 1401 and a citizen of Mississippi, a police officer of Town of Raleigh, Mississippi, Smith County who may be served at 112 Main Street, Raleigh, Mississippi 39153

**Counter Defendant:** J. Bolivar who is a citizen of the United States 8 USC Sec. 1401 and a citizen of Mississippi, a police officer of the Town of Raleigh, Mississippi, Smith County who may be served at 112 Main Street, Raleigh, Mississippi 39153

**Counter Defendant:** J. Reynolds who is a citizen of the United States 8 USC Sec. 1401 and a citizen of Mississippi, a sheriff deputy with the Smith County Sheriff's Department who may be served at 200 Courthouse Square, Raleigh Mississippi 39153

**Counter Defendant:** Town of Raleigh

**Counter Defendant:** Alberto SantaCruz who is a citizen of the United States 8 USC Sec. 1401 and a citizen of Mississippi, the Commissioner of Department of Public Safety of Mississippi who may be served at 1900 E. Woodrow Wilson, Jackson Mississippi, 39206.

This court has jurisdiction over this lawsuit/counterclaim because the act

### Claim

1. jason caissie, a man aggrieved, makes a claim state actors, police officer Rickey Hand, police officer J. Bolivar, sheriff deputy J. Reynolds without probable cause exceeded their authority and have engaged in trespass of false arrest and false imprisonment. Rickey Hand and Matt Sullivan failed to state a claim for which relief can be granted and engaged in malicious prosecution against jason caissie. These local state officials are acting as agents of Alberta Santa Cruz Commissioner of the Mississippi Department of Public Safety. The claims asserted in this Counter Claim are presented to redress the trespass against jason caissie's rights, privileges and immunities protected by the Constitution for the United States and Constitution for the State of Mississippi. The trespass against jason caissie's rights set forth in this counter-claim was effected under color of federal law and State law, statute, ordinance, regulation and custom and usage.

### COUNT 1

2. jason caissie was exercising the great Writ of Travel and was stopped at a business license checkpoint in Raleigh, Mississippi, Smith County. When the officers came to the window of the pickup jason caissie asked why he was being stopped. Police officer Rickey Hand stated it was a "license checkpoint", to which jason caissie asked "what was the probable cause for stopping me

?" Police officer J.Bolivar and sheriff deputy J.Reynold standing beside and assisting, the police officer Rickey Hand did demand jason caissie display a receipt for taxes. jason caissie did not comply with the demand and said he would not answer questions.                    The state officers exceeded their authority and did then and there arrest jason caissie, police officer Rickey Hand the arresting officer with assistance of police officer J.Bolivar and sheriff deputy J. Reynolds. The sole reason given for the arrest was if jason caissie did not produce a license i.e, receipt for taxes, he would be arrested. Officers had no objective basis or evidence to establish jason caissie was involved in business activities and in arrears of a tax, whereby arrest was warranted as enforcement provisions of a underlying statute making jason caissie liable to the tax. The officers, "Town of Raleigh", and Matt Sullivan are acting as agents of Albert Santa Cruz, Commissioner of the Department of Public Safety exceeded their authority in attempting to enforce a business tax. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 15, Sec. 17, Sec. 23, Sec. 32 This constitutes trespass viet armis and false arrest against jason caissie.

## COUNT 2

3. This incorporates the paragraph previously stated. Rickey Hand arrested jason caissie ordering jason into the back of the patrol car, at which time jason caissie stated the reason jason was in Mississippi he attended a funeral service for a friend and then was returning home to Tennessee. The state officer, Rickey Hand after handcuffing and placing jason caissie into the back of a police car ordered jason caissie show proof of insurance, a physical impossibility at that point. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 15, Sec. 23, Sec. 32. This deliberate entrapment constitutes trespass against jason caissie.

## COUNT 3

4. This incorporates the previous paragraphs stated. Following the arrest of jason caissie, the state officers, Rickey Hand, J. Bolivar, J. Reynold exceeded their authority did then order next friend, levi thurston, out of jason caissie's property a pickup and taking possession of the pickup and hauling away the same incurring to jason caissie a $75.00 fee for return of the pickup. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 17, Sec.23, Sec. 29, Sec. 32. This constitutes trespass quare clausum fregit against jason caissie.

### COUNT 4

5. This incorporates the paragraphs previously stated. The state officer Rickey Hand without verifiable evidence establishing a statutory requirement imposing a liability upon jason caissie exceeded their authority and did then imprison jason caissie. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 8, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 15, Sec. 17, Sec. 23, Sec. 29, Sec. 32. This violates Mississippi law evidenced by code citation 99-3-17. This constitutes trespass against jason caissie.

### COUNT 5

6. This incorporates the paragraphs previously stated. During the booking process by Rickey Hand jason caissie requested to be taken before a judge. In two written demands to jail staff, jason caissie did demand to be taken before a judge and to have access to next friend counsel. The state officers Rickey Hand and jail personnel (names unknown) exceeded their authority and did then in defiance of the laws of Mississippi denied jason caissie at all times to be taken before a magistrate. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 6, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec.14, Sec. 15, Sec. 23, Sec. 24, Sec. 25, Sec. 26, Sec. 29, Sec. 32. This denial of due process and access to open courts of Mississippi constitutes trespass on the case against jason caissie.

COUNT 6

7. This incorporates the paragraphs previously stated. Following the arrest and booking into jail the state officers Rickey Hand and jail personnel exceeded their authority did then deny release of jason caissie for 38 hours. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 6, Amend 8. Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 15, Sec. 17, Sec. 23, Sec. 24, Sec. 25, Sec. 26, Sec. 29, Sec. 32. This also violated Mississippi law evidenced by the code citation 99-5-3 and 99-3-17. This constitutes false imprisonment and is trespass against jason caissie.

COUNT 7

8. This incorporates the paragraphs previously stated. At booking jason caissie did state to Rickey Hand levi thurston would be next friend counsel. jason caissie twice in writing and also verbally noticed jail personnel levi thurston was next friend counsel and demanded to visit with levi. The state officers, jail personnel (names unknown) exceeded their authority did then deny jason caissie access to next friend counsel, levi thurston. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 6, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 15, Sec. 23, Sec. 24, Sec. 25, Sec. 26, Sec. 32. These actions violated Mississippi evidenced at code citation 99-3-17. This denial of access to next friend counsel constitutes trespass on the case against jason caissie.

COUNT 8

9. This incorporates the paragraphs previously stated. levi thurston twice came to the jail twice jail personnel he was next friend counsel to jason caissie. levi requested to visit with jason. Jail personnel stated they had never heard of next friend counsel. The state officers, jail personnel (names unknown) exceeded their authority did then deny next friend counsel, levi thurston, access to jason caissie. These actions violated the Constitution for the United States

Amendments $, Amend. 5, Amend. 6, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 15, Sec. 17, Sec. 23, Sec. 24, Sec. 25, Sec. 26, Sec. 32. This also violated Mississippi law evidenced at code citation 99-3-17. The denial of next friend counsel constitutes trespass on the case against jason caissie.

COUNT 9

10. This incorporates the paragraphs previously stated. The state officers Rickey Hand and jail personnel (names unknown) exceeded their authority and did then after 38 hours of imprisonment release jason caissie only upon posting a bail and refusing to take jason caissie before a committing magistrate incurring to jason caissie $225.00 costs for appearance bond. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 6, Amend. 8, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 15, Sec. 17, Sec. 23, Sec 24, Sec 25, Sec. 26, Sec. 29, Sec. 32. This also violated Mississippi law evidenced at code citation 99-5-3 and 99-3-17. The denial of access to open courts of Mississippi amounts to a denial of due process and constitutes trespass on the case against jason caissie.

COUNT 10

11. This incorporates the paragraphs previously stated. After posting bail the desk clerk at the jail and a Town of Raleigh police officer (names unknown) did then release jason caissie from jail. The desk clerk at the jail did hand to jason caissie two "UNIFORM TRAFFIC TICKETS". The tickets accusing jason caissie of failure to possess a tax receipt, the other ticket of failure to show proof of insurance which tickets only list enforcement provisions for a tax. The state officer Rickey Hand failed to show any law on the face of said instruments. Such "summons" fails to show any underlying statute making jason caissie liable for any tax. Officer Rickey Hand did then on April 29, 2015 "officially lodge" the tickets in Municipal Court of Town of Raleigh for prosecution to the enrichment of Town of Raleigh. These actions violated the Constitution for the United States Amendments 5, Amend. 6, Amend. 9 and violated the Constitution for the state

of Mississippi Art. 3 Sec. 14, Sec. 23, Sec. 26, Sec. 32. This also violated Mississippi law for failure to state a claim. Failure to give meaningful notice of the nature and cause of action is a denial of due process requirements and constitutes trespass on the case against jason caissie.

## COUNT 11

12. This incorporates the paragraphs previously stated. The state officer Rickey Hand, and town attorney Matt Sullivan exceeded their authority by failing to show any evidence or a statute or contract making jason caissie liable for a tax, prosecuted jason caissie to enforce penalty provisions of fine and imprisonment for failure to provide proof of a tax receipt. This prosecution amounts to official policy of the "Town of Raleigh". These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 6, Amend. 8, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 15, Sec. 17, Sec. 23, Sec. 24, Sec. 25, Sec. 26, Sec. 29, Sec. 32. This constitutes malicious prosecution and constructive fraud against jason caissie.

## COUNT 12

13. This incorporates the paragraphs previously stated. The state officers Rickey Hand and Matt Sullivan attorney for Town of Raleigh have attempted to hail jason caissie before a court that has no known rules of evidence or procedure. jason caissie did call the court clerk for the municipal court requested rules for the court and was told the court did not have rules. These actions violated the Constitution for the United States Amendments 5, Amend. 6, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 24, Sec. 25, Sec. 26, Sec. 32. Denying jason caissie due process protections before and at trial constitutes trespass on the case against jason caissie.

## COUNT 13

14. This incorporates the paragraphs previously stated. The state officers Rickey Hand and Matt Sullivan attorney for Town of Raleigh, exceeded their authority have prosecuted jason caissie for not possessing a Mississippi tax receipt knowing jason caissie is not domiciled in Mississippi. At the same time the state will only issue the said receipt to those domiciled in Mississippi. State officers have prosecuted jason caissie for failure to comply with a law the state has made impossible for jason caissie to obey. These actions violated the Constitution for the United States Amendments 5, Amend. 6, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 26, Sec. 32. This constitutes malicious prosecution against jason caissie.

## COUNT 14

15. This incorporates the paragraphs previously stated. The state officers Rickey Hand and Matt Sullivan exceeded their authority failing to show a statute making jason caissie liable for a Mississippi tax did then attempt to use federal law to extort a Mississippi tax from jason caissie. These actions violated the Constitution for the United States Amendments 4, Amend. 5, Amend. 6, Amend. 9 and violated the Constitution for the state of Mississippi Art. 3 Sec. 14, Sec. 17, Sec. 23, Sec. 26, Sec. 32. This constitutes malicious prosecution against jason caissie.

## COUNT 15

16. This incorporates the paragraphs previously stated. The defendant Town of Raleigh, through the town officers, police officer Rickey Hand, police officer J. Bolivar, town attorney Matt Sullivan, had actual and imputed knowledge its officers did commit false arrest, false imprisonment and malicious prosecution against jason caissie for purposes of unjust enrichment. The "Town of Raleigh" through its officers demonstrated gross negligence and deliberate indifference to the rights of jason caissie. This failure of the "Town of Raleigh" amounts to a tacit and implicit authorization, ratification, approval, and acquiescence in the unconstitutional acts of defendant officers, which were carried out under custom, practice, policy, rules, regulations, and color of State law. As a direct and inevitable result of the gross and indifferent negligence of the defendant town, jason caissie was deprived of his rights protected by federal

and state constitutions in the manner previously set forth. This constitutes trespass and trespass on the case perpetrated by the "Town of Raleigh" against jason caissie.

## WISH

WHEREFORE, jason caissie, the man aggrieved wishes:

1. That on Count 1 of the claim, the man aggrieved receives a general verdict and judgment in the amount of $1,000 from Rickey Hand, $500 from J. Boliver, and $500 from J. Reynolds.

- That on all counts, Counts 1 through Count 15, that the man aggrieved receive a general verdict and judgement in the amount of $5,000 from Rickey Hand for his part of the false arrest, false imprisonment, denial of magistrate and denial of counsel, taking of property, and malicious prosecution. If any single count of the relief is held unenforceable, such count shall be severed and the remainder of the counts shall be enforceable.

- That on Counts 10 through Count 15 that the man aggrieved receive a general verdict and judgement in the amount of $3,000 from Matthew Sullivan for malicious prosecution. If any single count of the relief is held unenforceable, such count shall be severed and the remainder of the counts shall be enforceable.

- That on all counts, Counts 1 through Counts 15 that the man aggrieved receive a general verdict and judgement from the "Town of Raleigh" in the amount of $156,300 for false arrest, false imprisonment, denial of magistrate and denial of counsel, taking of property, for cost of bail, cost of impoundment, and malicious prosecution. If any single count of

the relief is held unenforceable, such count shall be severed and the remainder of the counts shall be enforceable.

- That on all counts, Counts 1 through Counts 15, that the man aggrieved get a written directive from Alberta Santa Cruz stating that my right of travel will not be hindered by arrest absent a common law crime has been committed by jason caissie. If any single count of the relief is held unenforceable, such count shall be severed and the remainder of the counts shall be enforceable.

Respectfully submitted,

_____ jason caissie

May, _26_ 2015

jason caissie
2362 Charlie Pounds Rd
Stantonville, TN [38379]
832-494-7843

Certificate of service: I _____declare, 28U.S.C. Sec. 1746, that a copy of _____was served on _____ who is _____ and whose address is _____