## AT THE UNITED STATES DISTRICT COURT AT JACKSON MISSISSIPPI

| | | |
|---|---|---|
| jason caissie | * | CASE NO.   3:15cv382HTW-LRA |
| man aggrieved | | |
| | * | |
| v. | | |
| | * | |
| Wrongdoers: | | |
| Town of Raleigh, a municipal corporation; | * | |
| Police Officer Rickey Hand, individually and in his | | |
| official capacity;  Police Officer J. Bolivar, individually | * | |
| and in his official capacity; Sheriff Deputy J. Reynold, | | |
| individually and in his official capacity; Alberta Santa | * | |
| Cruz, in his official capacity; Matt Sullivan, in his | | |
| individual and official capacity. | * | |
| | | |
| | * | |



\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE TO MAGISTRATE JUDGE LINDA ANDERSON OBJECTION TO THE DECLINE OF JURISDICTION

Comes now, jason caissie to object to the court declining jurisdiction.  The State is wrongfully interfering with a right protected by State and Federal Constitution.  They heart of the State law complaint arises under Federal law such a suit is purely a creature of federal law.  No adequate state cause of action is plead without reference to federal law.  The state has plead no cause of action.  There is no underlying state statute making jason caissie liable for any tax.  The state has never shown a statute and failed to state a claim for which relief can be granted.  There are no state supplementary state claims to adjudicate.  It is incorrect for this court to decline the exercise of jurisdiction and failing to notify the other court to cease any activity regarding jason caissie.  State actors have completely bypassed any due process requirements for establishing that a tax is owed.  They only have a fall back to federal law to attempt to mention penalty previsions of some tax law.  Without the Federal Driver's License Compact, the state would have no jurisdictional basis because there is no evidentiary foundation for the exercise of state taxing powers.

> The Congress did not attempt to define questions of law, and the generality of the description leaves no doubt of the intention to reserve to the Federal court full authority to pass upon all matters which this Court had held to fall within that category. There is thus no attempt to interfere with, but rather provision is made to facilitate, the exercise by

the court of its jurisdiction

Page 285 U. S. 50

to deny effect to any administrative finding which is without evidence, or "contrary to the indisputable character of the evidence," or where the hearing is "inadequate," or "unfair," or arbitrary in any respect. Interstate Commerce Commission v. Louisville R. Co., supra, at pp. 227 U. S. 91, 227 U. S. 92; Tagg Bros. & Moorhead v. United States, supra.

Page 285 U. S. 60

In cases brought to enforce constitutional rights, the judicial power of the United States necessarily extends to the independent determination of all questions, both of fact and law, necessary to the performance of that supreme function

We think that the essential independence of the exercise of judicial power of the United States, in the enforcement of the constitutional rights requires that the federal court should determine such an issue upon its own record and the facts elicited before it. - Crowell v. Benson 285 U.S. 22 (1932)

Respectfully submitted,

_____  6/8/2015

jason caissie