UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


**TOWN OF RALEIGH, MISSISSIPPI,** *et al.*                                        **PLAINTIFFS**


**V.**                                                 **CIVIL ACTION NO. 3:15cv382HTW-LRA**


**JASON CAISSIE**                                                                    **DEFENDANT**


### JASON RUNNELS' REBUTTAL TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS FEDERAL CLAIMS

Comes now Jason Runnels, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submits his Rebuttal to Plaintiff's Response in Opposition to his Motion to Dismiss Federal Claims. In support thereof, the moving defendant would show unto the Court as follows:

### INTRODUCTION

Plaintiff's claims arise out of his having been stopped and arrested by City of Raleigh Officer Ricky Hand at a driver's license checkpoint. *CM/ECF Doc. No.* 3, p. 2. The Plaintiff asserts that Officer Hand approached Plaintiff's vehicle and explained that they were performing a "license checkpoint" and then commanded the Plaintiff show his "receipt for taxes" *i.e.* his driver's license. *Id.* at p. 2-3. The Plaintiff admits that "did not comply with the demand" and, further, admits that he told Officer Hand he "would not answer questions." *Id.* at p. 3. The Plaintiff was then arrested and his vehicle was towed away. *Id.* at p. 3-4.

According to Plaintiff's Amended Complaint, Deputy Runnel's sole involvement in this matter was that he was present at the license checkpoint and purportedly "assisted" in arresting Plaintiff and having his pick-up truck towed. *Id.* at p. 3-4.

The Plaintiff asserts claims of false arrest, false imprisonment and unlawful seizure of Plaintiff's pickup truck. *Amend. Compl.*, ¶ 1-2, 4.

## ARGUMENT

## I.      QUALIFIED IMMUNITY

In his Motion to Dismiss, Deputy Runnels pointed out that because the Plaintiff was making a claim against him in his individual capacity pursuant to Section 1983, a heightened pleading standard applied. See, *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). In his Response, Plaintiff insists that he must only meet the "short and plain" statement requirements of Rule 8 of the Federal Rules of Civil Procedure. *CM/ECF Doc. No. 21, Resp.*, p. 2. This is simply not true and, in fact, case law completely contradicts Plaintiff's argument. When a claimant asserts a Section 1983 claim against an official in his individual capacity, the "heightened pleading" standard appliess. See, *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995); see also *CM/ECF Doc. Nos. 4, 5.*

Plaintiff further argues that if the heightened pleading standard applies, he has met it. However, the sparse facts asserted by the Plaintiff in support of the claims against Deputy Runnels are "general characterizations" that do not "speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). In his Amended

Complaint, the Plaintiff avers that Runnels "assisted" Office Ricky Hand in arresting him—an arrest for which no evidentiary basis purportedly existed. *Amend. Compl.*, p. 3. The Plaintiff provides no further details as to how Runnels was in any way involved with his arrest. Similar, the Plaintiff fails to specify how Runnels participated in the Plaintiff's alleged false imprisonment. Finally, the Plaintiff alleges that Runnels and the other officers had his pick-up towed, for which the Plaintiff incurred a $75.00 fee for its return. *Id.* at 4.   Again, allegations are the very sort of bare bones, collective factual assertions that fail to focus "specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). They simply are not sufficient to meet the heightened pleading standard.

Plaintiff's Response also asserts that "Runnels acted in combination, association and cooperation with a common plan and purpose to enrich the 'Town of Raleigh' at the expense of [J]ason [C]lassie and Deputy Runnels did intentionally contribute to the act of the arrest…." *Resp.*, p. 5. Plaintiff fails to state how Runnels' conduct "contributed" to the arrest, given that Officer Hand was the arresting officer. *Amend. Compl.*, p. 2-3. Moreover, the Plaintiff fails to plead with any factual specificity how Runnels participated in this "common plan and purpose" to enrich the Town or Raleigh at Plaintiff's expense and did conspire to violate Plaintiff's constitutional rights. *Resp.*, p. 5.

Notably, the Plaintiff also argues that he need not show the direct involvement of Deputy Runnels in his alleged constitutional deprivation, as required by *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), given that the Plaintiff's constitutional claims are

asserted as counter-claims. *Resp.*, p. 6. However, the Plaintiff fails to cite any authority for this proposition.  Indeed, "personal involvement is an essential element of a civil rights cause of action." *Thompson*, F.2d at 382. Because the Plaintiff fails to show any direct involvement by Deputy Runnels in the arrest or imprisonment of Plaintiff or the seizure of the vehicle, Plaintiff's claims fail. *Compl.*, p. 3.

Put simply, the Plaintiff has the burden of negating Deputy Runnels' qualified immunity defense and has failed to do so. See *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994). As such, the claims against Runnels are due to be dismissed.

## II.     PLAINTIFF'S CLAIMS ARE DUE TO BE DISMISSED UPON THE MERITS

Normally, when a claimant fails to meet the "heightened pleading" standard, courts should allow the Plaintiff to submit a *Schultea* Reply in an effort to meet the required standard. However, where allowing a plaintiff to amend his complaint or elaborate on his claims would still not produce a viable 42 U.S.C. § 1983 claim, the suit should be dismissed. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).  That is the case here.

### A.     <u>False Arrest</u>

In order to prevail on a claim of false arrest, the Plaintiff must show that the officers on the scene lacked probable cause to arrest him. See *Brown v. Lyford*, 243 F 3d 185, 189 (5th Cir. 2001).   In his Amended Complaint, the Plaintiff concedes that he did not comply with Officer Hand's directive to produce his driver's license at the safety checkpoint and refused to answer the officer's questions. *Amend. Compl.*, p. 2-3.  He further avers: "The sole reason given for the arrest was if [J]ason [C]assie did not

produce a license…he would be arrested." *Id.* at 3.  An arrest for failure to produce a license is a valid arrest pursuant to Miss. Code. Ann. § 63-1-5, which makes it a misdemeanor offense to drive without a license. Similarly, failure to have proof of insurance in a motor vehicle operating within the State is a crime. Miss. Code. Ann. § 63-15-4.

In addition, Section 97-35-7 of the Mississippi Code states, in part, that one who refrains "from acting or doing as ordered, requested or commanded by said officer to avoid any breach of the peace at or near the place of issuance of such order, request or command, shall be guilty of **disorderly conduct**, which is made a misdemeanor…." (emphasis added). Miss. Code Ann. § 97-35-7. In his Amended Complaint, the Plaintiff concedes that he failed to answer any questions of Officer Hand or comply with his commands. *Amend. Compl.*, p. 23.

It is well-established that sobriety, safety checkpoints such as the one encountered by the Plaintiff have been found to be constitutional. See *Michigan Dep't of State Police v. Sitz*, 496 U.S. 444, 447 (1990)(holding that highway sobriety checkpoints do not violate the Fourth and Fourteenth Amendments of the United States Constitutions). The Supreme Court has also held that arrests for misdemeanor violations are not unconstitutional. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). The Plaintiff's cites to various cases and statutes regarding taxation are misplaced, as they have no applicability to the facts at hand. Rather, the facts, as

gleaned from the Plaintiff's own Amended Complaint, establish that he was in violation of several state criminal statutes at the time of arrest. As such, at the time of his arrest it was clear based on the "totality of the facts and circumstances within the police officer's knowledge at the moment of arrest" that a reasonable person could "conclude that the suspect had committed or was committing an offense." *Haggerty v. Texas Southern University*, 391 F 3d 653, 655-56 (5th Cir. 2004). Therefore, Plaintiff's false arrest claim against Deputy Runnel's is due to be dismissed.

**B.**     **False Imprisonment.**

Lack of probable cause is also an essential element in a false imprisonment claim. See *Haggerty*, 391 F. 3d at 655.  Given that Plaintiff's own pleadings demonstrate that officers on the scene had probable cause to arrest him for failure to produce a driver's license and/or proof of insurance as well as disorderly conduct/failure to obey, Plaintiff's false imprisonment claim likewise fails.

**C.**     **Unlawful seizure of vehicle**

Finally, the Plaintiff has failed to plead any factual basis for his contention that the seizure of his vehicle incident to his arrest was unconstitutional. The Fifth Circuit has recognized that vehicle seizures of "disabled or damaged vehicles," and "automobiles which violate parking ordinances, and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic" are valid seizures. *United States v. McKinnon*, 681 F.3d 203, 207-08 (5th Cir. 2012).  As such, even if Deputy Runnels participated in the seizure of the vehicle incident to a valid arrest, the Plaintiff would not have a cognizable constitutional claim against him for the same.

### III.   *HECK V. HUMPHREY*, 512 U.S. 477, 486-87 (1994).

Alternatively, the Plaintiff's claims for false arrest, false imprisonment and illegal seizure are barred by the favorable termination rule specified in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   Plaintiff's Response in Opposition to Runnel's Motion to Dismiss Federal Claims argues that *Heck* does not apply because he has not been convicted of any criminal charges, and there are no pending criminal charges against him. *Resp.,* p. 14. To the contrary, as acknowledged in the Plaintiff's own pleadings there are charges pending against him in Raleigh Municipal Court for no driver's license and failure to produce liability insurance. *CM/ECF Doc. No. 1, p. 2; CM/ECF Doc. No. 1-1; CM/ECF Doc. No. 1-2.*   While the Plaintiff may have removed his civil counterclaims to federal court, the municipal court still retains jurisdiction over the criminal charges against him.

The Fifth Circuit has held that a "court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course."  *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Given that a successful showing by Plaintiff on either the false arrest or false imprisonment claim would necessarily invalidate either of the pending criminal charges for which he was arrested, this Court should, in the alternative, stay the instant proceedings until the criminal matter can go forward.

## CONCLUSION

As explained hereinabove as well as in Runnels' Motion to Dismiss Federal Claims asserted against the officer in his individual capacity, all of Plaintiff's federal claims against Deputy Runnels are due to be dismissed.

**Date:**          **July 15, 2015.**

<div style="margin-left:40%">

Respectfully submitted,

**DEPUTY JASON RUNNELS**

BY:      /s/ William R. Allen
          One of His Attorneys

</div>

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system and that I mailed a true, correct copy via the United States Post Office to the following non-ECF participant:

> Jason Caissie
> 2362 Charlie Pounds Rd.
> Stantonville, TN 38379

This the 15th day of July, 2015.

> /s/William R. Allen
> OF COUNSEL