UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TOWN OF RALEIGH, MISSISSIPPI,** *et al.*                                **PLAINTIFFS**

**V.**                                  **CIVIL ACTION NO. 3:15cv382HTW-LRA**

**JASON CAISSIE**                                                       **DEFENDANT**

### JASON RUNNELS' REBUTTAL TO PLAINTIFF'S RESPONSE
### IN OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIMS

Comes now Jason Runnels, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, respectfully submits his Rebuttal to Plaintiff's Response in Opposition to his Motion to Dismiss State Law Claims. In support thereof, the moving defendant would show unto the Court as follows:

### INTRODUCTION

Plaintiff's claims arise out of his having been stopped and arrested by City of Raleigh officers at a driver's license checkpoint. *CM/ECF Doc. No*. 3, p. 2. The Plaintiff asserts that City of Raleigh Officer Ricky Hand approached Plaintiff's vehicle and explained that they were performing a "license checkpoint" and then commanded the Plaintiff show his "receipt for taxes," *i.e.* his driver's license. *Id*. at p. 2-3. The Plaintiff admits that "did not comply with the demand" and, further, admits that he told Officer Hand he "would not answer questions." *Id*. at p. 3. Plaintiff was then arrested by Officer Hand and his vehicle was towed away. *Id.* at p. 3-4.

According to Plaintiff's Amended Complaint, Deputy Runnel's sole involvement in this matter was that he was present at the license checkpoint and purportedly "assisted" in arresting Plaintiff and having his pick-up truck towed. *Id.* at p. 3-4.

The Plaintiff asserts the following state law claims against Deputy Runnels: false arrest, false imprisonment and unlawful seizure of Plaintiff's pickup truck. *Amend. Compl.*, ¶1-4.

### ARGUMENT

In his Motion, Deputy Runnels explained that Plaintiff's state law claims are governed exclusively by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1 *et seq.*, *City of Tupelo v. Martin*, 747 So. 2d 822, 826 (Miss. 1999). Furthermore, Runnels argued that Plaintiff's state law claims are barred by restrictions, requirements and immunities of the MTCA.

In his Response in Opposition to Deputy Runnel's Motion the Plaintiff argues that the MTCA is inapplicable to this matter. Furthermore, he argues that neither the Police Function Exemption nor the Inmate Exemption of the MTCA bar his claims. Plaintiff's arguments in opposition to the motion are meritless and wholly without the support of any legal precedent.

### I.     THE MTCA IS APPLICABLE

The Plaintiff argues that the MTCA is inapplicable to this suit because he "did not file the original suit to being this controversy, this is a counterclaim…" *Pl. Resp, CM/ECF Doc. No. 22*, *Resp.*, p. 2. Put simply, the Plaintiff argues that the MTCA is

inapplicable to a counterclaim. However, there is simply no support for Plaintiff's position.

Section 11-46-1(a) of the MTCA defines a "claim" as "any demand to recover damages from a governmental entity as compensation for injuries." Miss. Code. Ann. § 11-46-1(a). Furthermore, the MTCA provides that "any **claim** made…against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary." Miss. Code. Ann. § 11-46-7(1).

In this case, the Plaintiff makes a demand for monetary damages against Jason Runnels, an employee of the County, as well as State and municipal employees, and the City of Raleigh. *Amend. Compl.*, p. 9-10.  Thus, the MTCA clearly applies to the state law claims asserted against Runnels in the case at bar.

## II.      PLAINTIFF'S CLAIMS ARE BARRED BY THE MTCA

While the legislature waived sovereign immunity for the State of Mississippi and its political subdivisions when it enacted the MTCA, this waiver is subject to numerous limitations, restrictions and exceptions, several of which apply here.

### A.      Notice of Claim & Personal Liability.

As outlined in Deputy Runnel's Motion, Plaintiff's state law claims are barred by the Notice of Claim provisions of the MTCA. The Plaintiff completely failed to provide the pre-suit notice required by the MTCA and this alone is fatal to his state law claims.

See, Miss. Code Ann. §11-46-11(1).

In addition, to the extent Plaintiff's claims are asserted against Deputy Runnels in his individual capacity, Section 11-46-7 of the MTCA prohibits personal liability "for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7. It is clear from the Plaintiff's Amended Complaint that Runnels was acting the course of scope of his duties as a Smith County law enforcement officer at all times relevant to the Plaintiff's claims. See *Amend. Compl.*, p. 2- 3.

### B. Police Function Exemption.

Plaintiff's Response argues that the Section 11-46-9(1)(c) of the MTCA, the Police Function Exemption, does not apply because "the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." *Resp.*, p. 4, ¶7. To the contrary, the allegations of Plaintiff's Amended Complaint demonstrate that the Plaintiff failed to comply with the command of Officer Hand to produce his driver's license and proof of insurance. *Amend. Compl.*, p. 2-3; see also *Citations, CM/ECF Doc. Nos. 1-1, 1-2.* More specifically, the Plaintiff admits in his Amended Complaint that he "did not comply with the demand and said he would not answer questions." *Id.* at 3. In Mississippi, it is a misdemeanor criminal offense to operate a motor vehicle without a license, as well as to disobey the lawful command of an officer. See Miss. Code. Ann. § 63-1-5; Miss. Code Ann. § 97-35-7. As such, the Plaintiff was engaged in criminal activity at the time of his arrest and the Police Function Exemption bars all of the Plaintiff's state law claims.

4

Even if the Plaintiff could demonstrate that he was not engaged in criminal activity, he has wholly failed to plead any facts which would show that Deputy Runnels acted with reckless disregard for his safety or well-being. Reckless disregard occurs "when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." *City of Jackson v. Law*, 65 So. 3d 821, 826 (Miss. 2011). Where the Plaintiff has merely pleaded that Runnels was at the scene of the Plaintiff's arrest and the towing of his vehicle, the Plaintiff has failed to allege any facts that would support of a finding of reckless disregard on the part of the officer. This is especially true in light of the fact that the Plaintiff admits in his Amended Complaint that he refused to produce his driver's license/disobeyed a command by a law enforcement officer. As such, the Plaintiff's claims are due to be dismissed.

C. **Inmate Exemption.**

The Plaintiff also argues that the inmate exemption does not apply to his false imprisonment claim. In so doing, the Plaintiff argues that his false arrest and false imprisonment claims are one and the same and that his false imprisonment claim arose when he was arrested, not when he was detained. *Resp.*, p. 13. To the contrary under Mississippi law, false arrest and false imprisonment are two distinct claims. See *Mayweather v. Isle of Capri Casino, Inc.*, 996 So. 2d 136, 140-141 (Miss. Ct. App. 2008).

To prove a claim for false imprisonment, a plaintiff must establish that he was: (1) detained and (2) that such detainment was unlawful. *Id.* at 140. Thus, given that that

the Plaintiff's false imprisonment claim arose out of his detention in the Smith County Jail, the Inmate Exemption precludes Plaintiff's claims. See *Notice of Removal*, *CM/ECF Doc. No. 1*, p. 3, ¶16; see also *Love v. Sunflower County Sheriff's Department*, 860 So.2d 797 (Miss. 2003)(applying Section 11-46-9(1)(m) to pre-trial detainees).

## CONCLUSION

For the reasons stated and the authorities cited hereinabove, as well as in his Motion to Dismiss State Law Claims and memorandum of authorities in support thereof, the moving defendant asks that all state claims asserted against him be dismissed.

**Date:** July 15, 2015.

Respectfully submitted,

**DEPUTY JASON RUNNELS**

BY: /s/William R. Allen
One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system and that I mailed a true, correct copy via the United States Post Office to the following non-ECF participant:

>Jason Caissie
>2362 Charlie Pounds Rd.
>Stantonville, TN 38379

This the 15th day of July, 2015.

>/s/William R. Allen
>OF COUNSEL