**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TOWN OF RALEIGH, MISSISSIPPI, ET AL**                               **PLAINTIFFS**

**VS.**                                         **CIVIL ACTION NO. 3:15CV382-HTW-LRA**

**JASON CAISSIE**                                                     **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Magistrate Judge for report and recommendation regarding the motions now pending. Having reviewed the pleadings and the applicable law, the undersigned recommends that this case be remanded to the Raleigh, Mississippi, Municipal Court, as Caissie's removal to this federal court was not appropriate under the law. Specifically, the Motion for Summary Remand to Raleigh Municipal Court [16] should be granted.

Jason Caissie is listed as the "Defendant" on the docket of this case because he filed a "Defendant's Notice of Removal" on May 22, 2015, listing himself as Defendant and the "State of Mississippi, Town of Raleigh" as the Plaintiff. He listed the cause numbers as "Ticket #04921 and Ticket #04922." Apparently he was arrested on April 25, 2015, in the town of Raleigh, for failing to produce a valid driver's license or proof of insurance at a routine driver's license checkpoint. Rather than proceed in the Municipal Court on the ticket violations, Caissie purported to remove his prosecution to federal court.

As pointed out by the Municipal Parties in their request to remand, Caissie is a defendant in a criminal prosecution being conducted in Raleigh Municipal Court. Yet he seeks to remove that state court criminal prosecution to federal court pursuant to 28 U.S.C. § 1441, the statute governing the removal of civil actions. Criminal prosecutions may be removed only as provided in 28 U.S.C.

§§ 1442, 1442a, and 1443, via the procedure set forth in 28 U.S.C. § 1455.  The removal procedure in § 1455 requires that the notice of removal set forth all grounds for removal; the failure to include them constitutes a waiver of such grounds.

The removal statutes apply only under very specific circumstances to criminal prosecutions. Under specific circumstances, federal officers or agencies sued or prosecuted may remove their cases under 28 U.S.C. § 1442.  Members of the armed forces performing acts under color of their office who are sued or prosecuted may remove under the circumstances set forth in 28 U.S.C. § 1442a.  Caissie's notice of removal does not set forth these criteria, and the statutes do not apply.

Although certain prosecutions regarding civil rights may be removed under 28 U.S.C. §1443, the statute does not apply in the instant case.  The statute is set forth as follows:

> **§ 1443.  Civil rights cases**
>
> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

This removal statute has been interpreted as applying to prosecutions involving civil rights wherein racial equality is the issue.  *See State of Ga. v. Rachel*, 284 U.S. 780, 792 (1966) (the type of laws providing for civil rights refer exclusively to those laws "providing for specific civil rights stated in terms of racial equality").  Caissie's notice of removal does not indicate that his criminal

prosecution implicates any civil rights law pertaining to racial equality. Additionally, Caissie cannot remove his prosecution under 28 U.S.C. § 1443(2), as his traffic charges do not stem from any act he committed (or refused to act) under color of authority derived from such a civil rights law.

As supporting authority for their analysis, the Municipal Parties cite the case of *Commonwealth of Pennsylvania v. Williams*, No. 3:14-CV-1022, 2015 WL 3440273 (M.D. Pa. May 27, 2015). In that case, Williams was charged in state court with Driving Under the Influence, Driving Without a License, and Driving an Unregistered Vehicle. He attempted to remove the charges to federal court, contending that the judge had a conflict of interest. Although Williams cited the criminal removal statutes, the court reviewed each section and found removal to be improper. The court remanded the case to state court pursuant to 28 U.S.C. § 1455. The facts in the *Williams* case are similar to those in the case now before this Court, and Caissie's filing should also be remanded.

Caissie has filed various additional pleadings in response to the motions which could be liberally construed as setting forth a "counterclaim." In these pleadings, he makes civil rights allegations in connection with his arrest for the traffic violations. However, because removal of the criminal prosecution was improper, this Court has no initial jurisdiction to consider any civil rights claims. Caissie could file a civil complaint raising these charges, and effecting proper service of process on the named Defendants, rather than attempting to avoid his prosecution in municipal court by "removal."

Defendant Deputy Jason Runnels has filed a Motion to Dismiss State Claims [12] and a Motion to Dismiss Federal Claims [14] because of the civil rights allegations made by Caissie.

Because the merits of these claims have not been considered, and the removal was improper, these motions should be dismissed without prejudice.

It is, therefore, the recommendation of the undersigned that the Motion for Summary Remand to Raleigh Municipal Court [16] be granted, and that this case should be remanded. All remaining pending motions should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of February 2016.

       ___S/ Linda R. Anderson_____
       UNITED STATES MAGISTRATE JUDGE